[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2005
THOMAS  K. KAHN
CLERK

No. 04-16355
Non-Argument Calendar

_____

D.C. Docket No. 03-00334-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE TIMOTHY ALLUMS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(July 27, 2005)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Eugene Timothy Allums appeals his convictions for attempt to kill, and

solicitation of another to kill, employees of the United States Government on

account of their official duties, and solicitation of another to kill witnesses with intent to prevent testimony, in violation of 18 U.S.C. §§ 373(a), 1114, and 1512(a)(1)(A). The government's theory and proof was that Allums committed these crimes in an attempt to prevent his conviction on earlier charges of kidnapping and transporting across state lines a minor, his thirteen-year old step-daughter. The sole issue in this appeal is whether the district court abused its discretion in admitting prosecutorial comments and testimony about Allums's sexual relationship with his minor step-daughter over his Fed. R. Evid. 403 objection.

We review a district court's decision not to exclude evidence pursuant to Rule 403 only for an abuse of discretion. United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Rule 403 permits a district court to exclude relevant evidence only when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." We consider "Rule 403 . . . an extraordinary remedy that should be used sparingly because it allows a court to exclude admittedly probative evidence." Ross, 33 F.3d at 1524. As such, we "narrowly circumscribe" a trial court's discretion to exclude evidence as unduly prejudicial. United States v.

<u>Cross</u>, 928 F.2d 1030, 1048 (11th Cir. 1991). "The 'major function' of Rule 403 'is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" <u>Id.</u>, 928 F.2d at 1048.

There was no abuse of discretion. Testimony about Allums's sexual relationship with his minor step-daughter was admissible to demonstrate his motive for committing the charged offenses, as well as to demonstrate the motive of Carl Hollander, a key government witness, in assisting the government in its investigation of Allums. <u>See</u> <u>United States v. Church</u>, 955 F.2d 688, 700 (11th Cir. 1992). In other words, the evidence about what Allums had done to his minor step-daughter "pertain[ed] to the chain of events explaining the context, motive, and set-up of the crime," and "form[ed] an integral and natural part of an account of the crime, or [was] necessary to complete the story of the crime for the jury." <u>United States v. Williford</u>, 764 F.2d 1493, 1499 (11th Cir. 1985). Because the prejudicial effect of this testimony did not substantially outweigh its probative value, the district court did not abuse its discretion in admitting this testimony. Therefore, we affirm Allums's conviction.

**AFFIRMED**.